James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd St.
New York, NY 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

13 MISC 0285




ATTORNEYS FOR PETITIONER
PERSEVERANZA DI NAVIGAZIONE SPA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE THE PETITION OF PERSEVERANZA DI NAVIGAZIONE SPA

REQUEST FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Civil Action No. 13-Misc. _____

**PETITION FOR AN ORDER ALLOWING**
**<u>DISCOVERY PURSUANT TO 28 U.S.C. §1782</u>**

COMES NOW, the Petitioner, Perseveranza di Navigazione SpA ("Perseveranza" or "Petitioner"), by and through its undersigned counsel, Holland & Knight LLP, and applies for an Order pursuant to 28 U.S.C. §1782 to obtain discovery in the form of subpoenas to be served on banks located within the Southern District of New York, and for the production of relevant documents in the possession, custody and/or control of HSBC Bank USA, N.A., JP Morgan Chase Bank, N.A., Deutsche Bank Trust Company Americas, Citibank, N.A., Bank of New York Mellon, Wells Fargo Bank N.A., BNP Paribas, Standard Chartered Bank, Royal Bank of

Scotland, China Merchants Bank, and Bank of China (hereinafter collectively referred to as "New York Banks"), for use in several foreign judgment proceedings, all for the reasons set forth in the Declarations of James Wallace and James H. Power, and the Memorandum of Law, submitted contemporaneously with this Application.

**JURISDICTION, PARTIES & VENUE**

1. Jurisdiction is proper pursuant to Title 28 United States Code Section 1782 as this application is for discovery involving documents located within the Southern District of New York, discovery necessary to assist Petitioner in its foreign court proceeding.

2. At all times material herein, Perseveranza is and was a foreign business entity organized under the laws of a foreign state. Perseveranza has a place of business at Piazza Municipio, 84-80133, Napoli, Italy.

3. Venue in the Southern District of New York is appropriate pursuant to Title 28 United States Code Section 1782 because the discovery is being sought from a corporation within this judicial district, along with the documents being presently in this jurisdiction.

**RELEVANT FACTS**

**M/V LADY GIOVI**

4. On 7 August 2006, Perseveranza and North China Shipping Ltd of the Bahamas ("NCS"), executed a sub-charter party for the duration of five (5) years with the option to extend for an additional year for the vessel "LADY GIOVI". The charter party is governed by English law and calls for arbitration in London.

5. Charterer's performance was guaranteed by Hebei Ocean Shipping Company Limited ("HOSCO").

6. The hire installment due on 10 July 2012 was paid two days late in the amount of $13,500 per day, rather than the agreed hire of $16,400 per day. The hire installment due on 10 August 2012 was paid at $10,000 per day. The hire installments due on 10 September and 10 October were paid at $5,000 per day. By November 2012 a claim in the sum of approximately $1 million had accrued under this charter party.

7. London arbitration proceedings were commenced against NCS to recover the unpaid hire. Separate arbitration proceedings were also commenced against HOSCO under the performance guarantee.

8. In November 2012, following negotiations with NCS, a settlement agreement was signed between NCS and Perseveranza in which Perseveranza's maritime claim for unpaid hire was settled for $850,000, payable in monthly installments. Termination of the sub-charter party and redelivery of the vessel with the bunkers on board becoming Perseveranza's property was also agreed.

9. The November 19, 2012 settlement agreement was guaranteed by North China Shipping Holdings Company Limited ("NCS Holdings").

10. NCS has paid the first 3 installments totaling $510,000, leaving a balance of $340,000 outstanding (the 4th & 5th installments), which should have been paid in May and June.

11. On 12 July 2013, a final demand for payment was made by Perseveranza to NCS and NCS Holdings for amounts due pursuant to the settlement agreement covering Perseveranza's maritime claims.

12. Pursuant to clause 12 of the settlement agreement, if NCS fails to pay any of the installments under the agreement, NCS, and its guarantors NCS Holdings become liable for the

sums due under the claim of unpaid hire, as well as damages for early redelivery, including losses for future earnings under the charter party.

**M/V CHIARA D'AMATO**

13. On 24 January 2007, Perseveranza and NCS executed a head-charter party for the duration of five (5) years for the vessel "CHIARA D'AMATO". The charter party is governed by English law and calls for arbitration in London.

14. Charterer's performance was again guaranteed by HOSCO.

15. Hire was paid in full up to 25 July 2012 at $19,750 per day. The hire installments since then have been consistently underpaid at the equivalent daily rate of $10,000.

16. At least two hire payments were made by a paying agent, Mayfair Hong Kong Ltd ("Mayfair"), on NCS's behalf.

17. London arbitration has been commenced against NCS to recover the unpaid hire. A sole arbitrator has been appointed by Owners following Charterers failure to appoint their own arbitrator. Claim Submissions have been served. Perseveranza has separate arbitration proceedings in respect of the HOSCO guarantee.

18. By April 2013, NCS owed Perseveranza approximately $2.5 million. On 19 April 2013 a settlement agreement was reached with NCS to end the charter party, redeliver the vessel and compensate Perseveranza in the sum of $2.35 million. The majority of this sum (approximately $1.88 million) was in the form of bunkers when the vessel was redelivered, with the balance to be paid in five (5) monthly installments.

19. The April 19, 2013 settlement agreement was guaranteed by NCS Holdings.

20. None of the first three installments of $80,000 have been paid which, along with outstanding hire from the date of the settlement agreement until redelivery, totals $358,938 currently owed and due from NCS.

21. On 12 July 2013, a final demand for payment was made by Perseveranza to NCS and NCS Holdings for amounts due pursuant to the settlement agreement. Notwithstanding that demand, no amounts have been paid to Perseveranza.

22. Pursuant to clause 12 of the settlement agreement, if NCS fails to pay any of the installments under the agreement, NCS, and its guarantors NCS Holdings become liable for the sums due under the claim of unpaid hire as well as damages for early redelivery, including losses for future earnings under the charter party.

**NCS BEIJING**

23. On 12 January 2007 Perseveranza and NCS executed a sub-charter party for the duration of five (5) years for the vessel "NCS BEIJING" at a rate of $20,000 per day. The charter party is governed by English law and calls for arbitration in London.

24. By Addendum 3 dated 13 February 2012 it was agreed to reduce the hire rate to $18,000 per day from 1 March 2012 to 31 December 2012, with the "shortfall" of $612,000 being paid in four installments in 2013.

25. The hire installment since 9 July was paid at $12,000 per day, with an outstanding amount of $86,659 for the period between 9 July and 24 July 2012. The hire installments since July 24 have been paid at a daily rate of $10,000, until December 2012, when hire was paid at the further reduced rate of $9,000 per day. NCS currently owes Perseveranza $4,418,429.72 in unpaid hire and miscellaneous charterers' items in relation to the NCS BEIJING.

26. London Arbitration has been commenced against NCS to recover the unpaid hire. A sole arbitrator has been appointed by Perseveranza following NCS's failure to appoint their own arbitrator. Claim Submissions have been served on NCS.

27. Perseveranza plans to commence actions for breach of the settlement agreements concerning the LADY GIOVI and the CHIARA D'AMATO. The agreements contain forum selection clauses designating English law and jurisdiction in the High Court in London. In relation to these actions, Perseveranza will also seek to obtain security through attachment actions to enforce its judgments.

28. Perseveranza will also seek to attach assets to secure assets to enforce the arbitration award resulting from the NCS BEIJING arbitration.

29. The proceedings in London and elsewhere are not currently pending but are within reasonable contemplation, as required by 28 U.S.C §1782(a).

30. As is established in the accompanying materials, the New York Banks possess documents relevant to proceedings, including but not limited to wire transfer information of NCS, NCS Holdings, HOSCO and any paying agents of those entities such as Mayfair Hong Kong Ltd, as well as counterparties. This information will be directly used in the actions to enforce the settlement agreements and arbitration award by attaching assets as security for those claims.

31. Specifically, the wire transfer information of NCS, NCS Holdings and HOSCO will be used to determine where bank accounts are located, which vessels are on charter by NCS and NCS Holdings for which they are paying hire, whether NCS, NCS Holdings or HOSCO

have recently purchased bunkers aboard any chartered vessels, and whether NCS, NCS Holdings or HOSCO have counterparties receiving payments.

32. NCS and its affiliates have recently and are currently involved in many legal disputes in this District and others. Power Decl. Ex. 7. As a result, it has been alleged that NCS, NCS Holdings and HOSCO have set up a network of entities including Great Period Investments Limited ("Great Period") and Marina Peridot Limited ("Marina Peridot"). See, e.g. *Transfield ER Cape Limited v. North China Shipping Limited, et al.*, No. 12-cv-6091 (W.D.Wash.).

33. In addition, HOSCO is believed to maintain a beneficial ownership interest in the vessels it manages. These vessels include:

HEBEI TENGFEI
HEBEI MOUNTAIN
HEBEI NO. 1
HEBEI POWER
HEBEI UNIVERSE
HEBEI KING
GREAT HEBEI
OCEAN EMPEROR
ENTERPRISE STAR
GREAT DYNASTY
HEBEI LEGEND
GLORY CHINA
HEBEI CHALLENGER
HEBEI JOYCE
HEBEI DYNASTY
POWER CHINA
HEBEI TRIUMPH
RICH CHINA
HEBEI QINHUANGDAO
HEBEI ZHANGJIAKOU
HEBEI SHIJAZHUANG
HEBEI TANGSHAN
EVERGLORY
GALAXY
RENAISSANCE
HB PRINCESS
HEBEI XINGTAI
HEBEI CANGZHOU

34. Similarly, NCS Holdings manages many of the same vessels, in which it is also believed to maintain ownership or similar beneficial interests.

BESTORE
GREAT CHINA

GLORYCROWN
EVERBRIGHT
HEBEI POWER
HEBEI KING
GREAT HEBEI
OCEAN EMPEROR
GREAT DYNASTY
HEBEI LEGEND
GLORY CHINA
HEBEI CHALLENGER
HEBEI DYNASTY
POWER CHINA
HEBEI TRIUMPH
HEBEI ZHANGJIAKOU
GRAND CHINA
PEACE CHINA
HEBEI XINGTAI

35. Wire transfer information concerning the vessels LADY GIOVI, CHIARA D'AMATO, NCS BEIJING, and the above vessels will be used to demonstrate payment of charter hire by paying agents such as Mayfair Hong Kong Ltd, Great Period and Marina Peridot.

36. Wire transfer information concerning Mayfair Hong Kong Ltd will demonstrate other vessels chartered to NCS and NCS Holdings for which Mayfair acts as a paying agent, and other counterparties which receive payments from Mayfair on NCS and NCS Holdings' behalf.

37. Obtaining the above information will allow Perseveranza to determine where to initiate foreign attachment proceedings to obtain security in aid of its English High Court proceedings.

**REQUEST FOR RELIEF**

38. Petitioner requests that the Court provide discovery assistance with respect to the Non-U.S. Proceedings.

39. Petitioner requests that the New York Banks, which are present in the Southern District of New York, be directed to provide discovery described below in support of the Non-U.S. Proceedings.

40. As more specifically plead in Petitioner's Memorandum of Law in Support of Petition for an Order Under 28 U.S.C. § 1782, assistance is appropriate here because: (i) Respondents "reside" at or are "found" in this district; (ii) Petitioner is an "interested person" (as a party to the Non-U.S. Proceedings); and (iii) the Non-U.S proceedings are reasonably contemplated to be commenced before a "foreign or international tribunal," and the information obtained will be used in support of and introduced in the foreign proceedings.

WHEREFORE, pursuant to 28 U.S.C. §1782, Perseveranza di Navigazione SpA requests that this Court enter an Order:

A. Authorizing Petitioner to conduct limited discovery pursuant to 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure in the form of production of relevant wire transfer information concerning:

   a. North China Shipping Ltd,

   b. North China Shipping Limited Bahamas,

   c. North China Shipping Holdings Company Limited,

   d. Mayfair Hong Kong Ltd,

   e. Great Period Investments Limited,

   f. Marina Peridot Limited,

   g. Hebei Ocean Shipping Co. Ltd. a/k/a HOSCO,

   h. or referencing vessels believed to be beneficially owned or managed by NCS, NCS Holdings and HOSCO, including but not limited to the

      i. M/V LADY GIOVI,

      ii. M/V CHIARA D'AMATO,

      iii. NCS BEIJING

held by persons and/or entities, including the New York Banks, within the jurisdiction of this Court and as set forth in the Proposed Order; and

B. Directing the New York Banks to comply with any discovery authorized by this Court's Order in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

C. Appointing the undersigned counsel, to issue appropriate subpoenas to obtain the discovery authorized by this Court's Order;

D. Providing that this Court shall retain jurisdiction over this matter as is necessary to enforce the terms of any discovery authorized by this Court's Order;

E. Granting the Petitioner such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
August 9, 2013

HOLLAND & KNIGHT LLP

By: [signature]

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Fax: (212) 385-9010
Email: james.power@hklaw.com
marie.larsen@hklaw.com

*Attorneys for Perseveranza di Navigazione SpA*